IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                   No. CR 24-1347 JB

JESUS SALAS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Investigation Report, filed July 10, 2025 (Doc. 36)("Objections"). The primary issues are (i) whether Plaintiff United States of America proves, by a preponderance of the evidence, that Defendant Jesus Salas possesses a homemade bomb on February 7, 2024, when the passenger in a white SUV throws a bomb out of the SUV's window; and (ii) if the United States proves Salas' bomb possession, whether that possession is relevant conduct under U.S.S.G. § 1B1.2, such that it may play a role in the Court's calculation of Salas' Guidelines sentence. The Court concludes that: (i) the United States does not prove, by a preponderance of the evidence, that Salas possesses a bomb on February 7, 2024, because the United States' information from its confidential source indicates that Salas drives the car and does not throw the bomb; and (ii) because the United States does not prove that Salas possesses a bomb, Salas is not subject to the enhancements in U.S.S.G. § 2K2.1(b)(1)(A) and § 2K2.1(b)(3)(B). The applicable offense level is 25, the applicable criminal history category is IV, and the applicable Guidelines range is 84-105 months.

## FACTUAL BACKGROUND

In light of the United States' Sentencing Memorandum and Response to Defendant's Objections to the Presentence Investigation Report, filed July 17, 2025 (Doc. 38)("USA Response"), the facts in dispute here are the facts in the Presentence Investigation Report that

allege that Salas drives the car during a February, 2024, drive-by bombing. See Presentence Investigation Report ¶¶ 12, 21, 25, at 4-6, filed May 26, 2025 (Doc. 31)("PSR").[1] Accordingly, because Salas does not object to the PSR's facts besides those facts pertaining to the February, 2024, drive-by bombing, the Court takes the PSR's remaining, undisputed facts as the Court's findings of fact. See Fed. R. Crim. P. 32(i)(3)(A) ("[The court] may accept any undisputed portion of the presentence report as a finding of fact."). Regarding the paragraphs to which Salas objects, the Court concludes that the United States has shown, by a preponderance of the evidence, that the allegations in those paragraphs are true; therefore, the Court also includes those allegations in the Court's findings of fact.

When resolving factual Objections, the Court must determine whether the United States

---

[1] In addition to his Objections about the PSR's facts and his Objection that the February, 2024, bombing incident is not relevant conduct for sentencing, Salas also contends that (i) "the PSR omits ballistics evidence demonstrating that Mr. Salas did not shoot Ms. Tenorio," Objections at 1; (ii) "the applicable felony for the § 2K2.1(b)(6)(B) enhancement is possession of illegal drugs, not aggravated battery with a deadly weapon," Objections at 9; and (iii) "the record fails to establish that Mr. Salas has pending state charges," Objections at 10. First, none of these Objections affect the Guidelines calculation, and, second, the United States concedes these Objections, stating:

> With respect to Defendant's second objection, the United States does not object to information about the ballistics report for the March 18 shooting being included in the PSR to provide additional context to the Court about the shooting.
>
> With respect to Defendant's third objection, the United States does not object to the applicable felony for the § 2K2.1(b)(6)(B) enhancement being possession of illegal drugs, not aggravated battery with a deadly weapon.
>
> With respect to Defendant's fourth objection, the United States has requested information about the status of pending state charges for Defendant, and will provide such information to the Court prior to sentencing.

USA Response at 6. Because there is no dispute as to these three objections, this opinion focuses on the disputed objection's issues.

has met its burden of proving disputed facts by a preponderance of the evidence.  See United States

v. Olsen, 519 F.3d 1096, 1105 (10th Cir. 2008).  In evaluating whether the United States has met

its burden, "sentencing courts may consider hearsay evidence provided that the evidence has

sufficient indicia of reliability." United States v. Dazey, 403 F.3d 1147, 1177 n.7 (10th Cir. 2005).

See U.S.S.G. § 6A1.3.  "This is not a high standard, for it requires only 'minimal indicia of

reliability.'" United States v. Ayon, 226 F. App'x 834, 840 (10th Cir. 2007)(unpublished)(quoting

United States v. Fennell, 65 F.3d 812, 813 (10th Cir. 1995)).[2]

On February 7, 2024, Salas drives an SUV when his passenger, Draco, ignites an

improvised bomb and throws it from the SUV, after which the bomb explodes.[3]  See PSR ¶ 25, at

---

[2] United States v. Ayon, 226 F. App'x 834 (10th Cir. 2007), is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that United States v. Ayon and United States v. Pulham, 735 F. App'x 937, 951 (10th Cir. 2018), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

[3] Although Salas denies the allegations in PSR ¶ 25, at 6, the Court concludes that the United States has shown, by a preponderance of the evidence, that those allegations are true.  Salas asserts that he was not involved in the incident that ¶ 25 describes.  See Objections at 2.  He asserts that "[t]here is insufficient evidence to find by a preponderance that Mr. Salas was involved in the February 7 incident.  The only direct evidence suggesting that Mr. Salas was involved comes from a single jailhouse informant, whose identity remains unknown and whose reliability remains untested." Objections at 2.
   The informant's allegation that Salas drove the SUV during the February, 2024, bombing is an out-of-court hearsay statement, but "a district court may rely on hearsay statements at

6. Next, on March 18, 2024, police officers respond to a 911 call alleging that Salas' girlfriend, Kristy Tenorio, had shot herself. See PSR ¶ 13, at 4. When the police arrived, Tenorio is sitting in a car, injured, and Salas is standing next to the car. See PSR ¶ 13, at 4. Police find two firearms on the ground next to the car, and Salas later admits that he possesses both of the firearms. See PSR 14, at 4. The police arrest Salas, he is federally charged, and he pleads guilty to violating 18 U.S.C. §§ 922(g)(1). See PSR ¶ 2, at 3. The PSR considers the February, 2024, bombing as relevant conduct, and adds 4 levels to Salas' offense level pursuant to (i) § 2K2.1(b)(1)(A), which adds 2 levels when the offense involves three firearms; and (ii) § 2K2.1(b)(3)(B), which adds 2 levels when the offense involves a destructive device. See PSR ¶¶ 32-33, at 7.

## ANALYSIS

The Court sustains Salas' first objection, which challenges the applicability of two enhancements, § 2K2.1(b)(1)(A), and § 2K2.1(b)(3)(B). These enhancements each add 2 levels to Salas' offense level based on his participation in the February, 2024, bombing. The Court concludes, however, that, although the United States proves that Salas is the driver during the bombing, neither enhancement is applicable, because the United States does not prove that Salas possesses the bomb, which both enhancements require.

Section 2K2.1(b)(1)(A) adds 2 levels to the offense level if the offense "involved three or

---

sentencing without violating a defendant's due process rights, so long as the statements bear 'some minimal indicia of reliability.'" United States v. Pulham, 735 F. App'x 937, 951 (10th Cir. 2018)(quoting United States v. Cook, 550 F.3d 1292, 1296 (10th Cir. 2008)). "Corroborating evidence is often key to determining whether a statement is sufficiently reliable." United States v. Ruby, 706 F.3d 1221, 1229 (10th Cir. 2013). Here, federal agents are aware of and investigated the February, 2024, bombing. See PSR ¶ 11, at 4. This investigation's existence shows that the informant is referring to an event that the federal government agrees occurred, which bolsters the informant's credibility and provides his statement with the minimal indicia of reliability that allows the Court to consider it at sentencing.

more firearms." U.S.S.G. § 2K2.1(b)(1)(A).  This section's application note explains that, "[f]or purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, unlawfully possessed, or unlawfully distributed . . . ." Application Note 5 to § 2K2.1.  Similarly, § 2K2.1(b)(3)(B) adds 2 levels to the offense level if the "offense involved . . . a destructive device other than a destructive device referred to in subsection (A)."  U.S.S.G. § 2K2.1(b)(3)(B).  As the application note confirms, possessing multiple firearms or possessing a destructive device is these enhancements' predicate.  The issue here, therefore, is whether Salas possesses the bomb that his passenger throws out the window in February, 2024.  The Court holds that Salas does not possess the bomb during this incident.

According to the PSR, Salas is the getaway driver in the February, 2024, bombing; the PSR does not allege that Salas throws the bomb himself.  See PSR ¶ 25, at 6.  It follows that, because the PSR does not allege that Salas has actual possession of the bomb -- meaning that Salas held the bomb or threw it himself -- the only way that the § 2K2.1 enhancements could apply is if Salas constructively possesses the bomb.  "[C]onstructive possession exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object."  United States v. Little, 829 F.3d 1177, 1182 (10th Cir. 2016)(citing Henderson v. United States, 575 U.S. 622, 625 (2015)).  The constructive possession doctrine often comes into play when law enforcement finds a gun in a defendant's room, home, or car; in these situations, courts frequently conclude that, if the defendant exercises "exclusive control" over the physical space in which the gun is found, the defendant constructively possesses the gun.  See United States v. Martinez, No. CR 23-0767 JB, 2023 WL 8185933, at *9 (D.N.M. Nov. 27, 2023)(Browning, J.)("Martinez 'knew of' and 'had access to' the Mossberg, however, because it was plainly visible in a box located near the place M. Martinez slept.")(quoting United States v. Johnson, 46 F.4th

1183, 1187 (10th Cir. 2022)); United States v. Banks, 43 F.4th 912, 919 (8th Cir. 2022)(holding that the defendant constructively possesses guns in his car's trunk, even though he is sitting in the car's passenger seat when police find the guns, and DNA testing "definitively ties him to only a single firearm"); United States v. Montelongo, 555 F. Supp. 3d 1125, 1130 (D.N.M. 2021)(Browning, J.)(holding that the defendant had constructive possession over four firearms found in a residence's bedroom closet, even though the defendant did not own the residence and slept in the living room); United States v. Little, 829 F.3d at 1182 ("Given his exclusive control of the tiny well house, and the seven and a half minutes he indisputably spent in it, it would be unreasonable to conclude that Little did not know about the presence of the weapons.").

Here, there is not enough evidence to conclude that Salas constructively possesses the bomb. Imputing a passenger's possession of a weapon onto the driver on the basis of the passenger's use of the weapon, without more, stretches constructive possession too far. This case is not one in which a weapon is located in the common area of a car or a home. The facts here are that Draco, not Salas, uses a weapon while Salas drives. The facts from the Court's decisions in United States v. Martinez and United States v. Montelongo, accordingly, are distinguishable.

Furthermore, the Supreme Court holds that "constructive possession requires both power to control an object and intent to exercise that control." United States v. Little, 829 F.3d at 1182 (citing Henderson v. United States, 575 U.S. at 625). Even if Salas, as the car's driver, had the power -- the physical capability -- to exercise control over the bomb, an inference which is not readily apparent from the record, the PSR does not include details suggesting that Salas intended to exercise that control. Additional detail about the two men's relationship and the bomb's origins hypothetically could show, for example, that Salas made the bomb and planned the attack. If this evidence was in the case, the Court might conclude that Salas as the bombmaker constructively

possesses the bomb his passenger uses. As the record stands, however, the United States has not persuaded the Court that the PSR's facts justify applying enhancements predicated on Salas' possession of a bomb that Salas does not use.

The Court concludes that Salas does not possesses the bomb. The Court, therefore, does not address Salas' relevant-conduct argument. The Court agrees with Salas that the § 2K2.1(b)(1)(A) and § 2K2.1(b)(3)(B) enhancements do not apply.

**IT IS ORDERED** that (i) the Court sustains the Defendant's Objections to the Presentence Investigation Report, filed July 10, 2025 (Doc. 36), insofar as the Defendant contends that the § 2K2.1(b)(1)(A) and § 2K2.1(b)(3)(B) enhancements do not apply; (ii) the applicable offense level is 25; (iii) the applicable criminal history category is IV; and (iv) the applicable Guidelines range is 84-105 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Ryan Ellison
  United States Attorney
Stephen R. Kotz
Maria Elena Stiteler
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Gene Allen Franco
  Assistant Federal Public Defender
Office of the Federal Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*